IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBI PACK, | S | |
| Plaintiff | S | |
| | S | |
| | S | CA NO.:_____ |
| | S | (Jury) |
| HARRIS COUNTY, TEXAS, | S | |
| Defendant | S | |

<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, DEBI PACK, Plaintiff, and complains of HARRIS COUNTY, TEXAS, Defendant, as follows:

I.

<u>PARTIES</u>

1.      Plaintiff Debi Pack is an individual residing in Harris County, Texas.

2.      Defendant Harris County, Texas is a political subdivision of the State of Texas amenable to suit under Title VII of the Civil Rights Act of 1964, as amended, 42 USC Section 2000e et seq.

3.      Defendant Harris County, Texas also is a political subdivision of the State of Texas amenable to suit under the Age Discrimination in Employment Act ("ADEA"), 29 USC Section 621 et seq., as amended.

4.      Defendant Harris County, Texas further is a political subdivision of the State of Texas amenable to suit under the Americans with Disabilities Act ("ADA"), 42 USC Section 12101 et seq., as amended.

5.      Defendant Harris County, Texas may be served with process through its County Judge, Lina Hidalgo, at 1001 Preston, Suite 911, Houston, Texas 77002, and through its County Attorney, Vince Ryan, at 1019 Congress, 15th Floor, Houston, Texas 77002.

II.

Page 2

VENUE

6.     Venue of this action is proper in this judicial district because the parties to this lawsuit reside and transact business in this judicial district, the actions, events, and transactions which gave rise to the causes of action alleged herein took place in this judicial district, and the causes of action alleged herein also accrued in this judicial district. See, 42 USC Section 2000e-5(f)(3).

III.

NATURE OF LAWSUIT

7.     This is a lawsuit involving employment discrimination and is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 USC Section 2000e et seq.; the Age Discrimination in Employment Act ("ADEA"), 29 USC Section 621 et seq., as amended; and the Americans with Disabilities Act ("ADA"), 42 USC Section 12101 et seq., as amended.

8.     Defendant Harris County, Texas is a political subdivision of the State of Texas within the meaning of 42 USC Section 2000e(a), and an employer within the meaning of 42 USC Section 2000e(b). It has employed at least fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year and, therefore, is an "employer" within the meaning of 42 USC Section 2000e(a).

9.     Defendant Harris County, Texas also is a political subdivision of the State of Texas within the meaning of 29 USC Section 630(b)(2), and an employer within the meaning of 29 USC Section 630(b). It has employed at least twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year and, therefore, is an "employer" within the meaning of 29 USC Section 630(b).

10.     Defendant Harris County, Texas further is a political subdivision of the State of Texas within the meaning of 42 USC Section 1211(7), and an employer within the meaning of 42 USC Section 1211(5)(A). It has employed at least fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar

Page 3

year and, therefore, is an "employer" within the meaning of 29 USC Section 1211(5)(A).

IV.

<u>FACTS</u>

11.     Defendant employed the Plaintiff between April 30, 2004 and April 17, 2018 when it terminated her employment because of her race, age, and disability.

12.     Plaintiff is a White female, hearing impaired, and was 59 when terminated.

13.     Defendant initially hired the Plaintiff as an Associate Director of Auto Services in the Tax Assessor and Collector's office. For the last five (5) years of her employment with the Defendant, Plaintiff was the Director of Auto Services for Harris County, Texas.

14.     In that position she supervised up to three hundred (300) employees who worked in different offices of the Defendant in Harris County, Texas, handling the registration and sale of vehicles, the issuance of titles for vehicles, assessed taxes on motor vehicles, and generally discharged job functions related to the registration and operation of motor vehicles in Harris County, Texas.

15.     As Director of Auto Services for Harris County, Plaintiff reported directly to the Harris County's Tax Assessor and Collector. Until December 2016 she reported to Mike Sullivan, the then Harris County Tax Assessor and Collector.

16.     In the November 2016 elections, Ann Harris Bennett was elected as the new Tax Assessor and Collector replacing Mike Sullivan.

17.     Ann Harris Bennett is African-American.

18.     Bennett became Plaintiff's immediate supervisor effective January 1, 2017 when she officially took over the office of Harris County Tax Assessor and Collector.

19.     Throughout her employment with the Defendant, Plaintiff performed well. She had no performance issues and carried out her duties without problems. She did not have any disciplinary actions.

20.     Once Bennett assumed the Tax Assessor and Collector position, however,

Page 4

Plaintiff began to sense a change in the culture and work environment in the Tax Assessor and Collector office. Bennett began to foster a race-based culture of favoritism which favored Black employees at the expense of White employees. Among others, Bennett began to change the racial composition of the top employees in the office.

21.     Along the way, Plaintiff became a target of Bennett's animosity because of Plaintiff's race, White, age, and disability.

22.     Plaintiff observed that Bennett did not like White employees or Hispanic employees. She isolated White and Hispanic employees, and did not respond to Plaintiff's emails and text messages.

23.     Plaintiff also observed Bennett's strategy of replacing White employees with Black employees. This strategy consisted of firing, replacing, or coercing into resignation or early retirement White employees.

24.     For instance, Nora Elsnor, White, Director of Budget, was replaced by Marcus Hamilton, Black male.

25.     Linda Newman, HR Director, was replaced by Patricia Arbuckle, Black female.

26.     Mike Lykes, Chief Deputy, White, was replaced by Wendy Caesar, Black female.

27.     She also replaced the IT person in her office, a White male, with a Black female.

28.     She also created special positions in her office for Black employees which previously did not exist. One such position was the position of Branch Manager in which Bennett placed a Black male.

29.     Bennett additionally hiked salaries of Black employees, significantly increasing their salaries and asking Plaintiff to approve the salary increases. For instance, in October 2017, Bennett asked Plaintiff to sign off on an exorbitant salary increase for Leigh Robinson Gaskin, Black female, who at that time was employed in the position of Manager in the Auto Distribution Center.

30.     Gaskin's salary was increased by an astonishing $32,032 a year from $40,206.40

Page 5

to $72,238.40 a year.

31.     Bennett was also heard around the office to employ inappropriate language of a racist nature, such as "we ain't running no plantation around here."

32.     Plaintiff also attended staff meetings where Bennett pressed employees to visit Black churches on the weekends to register Black voters, but no such efforts were made to register White voters or voters of other races.

33.     In 2017 Bennett began to behave in a similarly biased manner toward the Plaintiff as well, aiming to fire her and replace her with employees of a different race who would also be significantly younger than the Plaintiff.

34.     Bennett also demeaned the Plaintiff on account of her disability. When Plaintiff would be in Bennett's office, Bennett would up the volume of the TV set in an apparent sign of disrespect toward the Plaintiff.

35.     The pretextual opportunity for firing the Plaintiff and replacing her with a significantly younger, Black employee, was fabricated by Bennett in late 2017 and the early part of 2018.

36.     In December 2017 Plaintiff and Bennett attended a directors' meeting. During that meeting Plaintiff brought up some legal issues related to one of the Defendant's employees, Juan O'Campo, and asked Bennett if she wanted to be updated on the status of that employee.

37.     In response to Plaintiff's inquiry, Bennett directed another employee to keep her informed about O'Campo's legal status.

38.     On February 28, 2018 Bennett asked the Plaintiff about the status of the O'Campo matter and Plaintiff referred her to the employee who had been tasked with monitoring the O'Campo matter and informing Bennett as appropriate. Bennett was subsequently provided the latest updates regarding O'Campo.

39.     Nevertheless, on April 17, 2018, Arbuckle, the Black HR Director whom Bennett had hired, informed the Plaintiff she had been terminated. The letter of termination alleged that

Page 6

"Ms. Bennett has not received a verbal or written update from you regarding the disposition of Mr. O'Campo's case or sentencing." It was not Plaintiff's job responsibility to inform Bennett of O'Campo's legal issues. Bennett had already been informed of that matter by a different employee and through different channels.

40.    The reason identified in the letter of termination is pretextual, false, not credible, and a cover up for the bias Bennett had against the Plaintiff due to her race, age, and disability.

41.    Once Plaintiff was fired, she was replaced by Leigh Robinson Gaskin, age 50, Black female. Previously, Gaskin reported to the Plaintiff in her position as Manager of the Auto Distribution Center. As already mentioned, in October 2017 Bennett raised Gaskin's salary from $40,206.40 a year to $72,238.40 a year.

42.    Upon information and belief, some of Plaintiff's job duties were assigned to Peggy Martinez, Hispanic female, age 39.

43.    Subsequent to these events Plaintiff timely filed, on February 5, 2019, a charge of discrimination based on race, age, and disability against the Defendant with the Equal Employment Opportunity Commission.

44.    The charge was perfected on March 6, 2019.

45.    On March 15, 2019 the EEOC issued the Plaintiff a right to sue thereby allowing her to sue Defendant in court.

46.    Plaintiff has filed her Original Complaint within ninety (90) days of her receipt of the right to sue.

V.

PLAINTIFF'S CAUSE OF ACTION FOR RACE DISCRIMINATION

47.    Plaintiff reincorporates by reference all factual allegations made in the preceding paragraphs and would show that Defendant is liable to her for race discrimination under Title VII of the Civil Rights Act of 1964, as amended.

Page 7

48.    At all times relevant to this lawsuit Plaintiff was, on account of her race, White, a member of a protected class. Defendant treated Plaintiff less favorably in the terms and conditions of her employment than its nonprotected employees because of her race. Plaintiff's race was a motivating factor in the Defendant's decision to terminate the Plaintiff's employment.

49.    This discrimination is the proximate cause of both economic and mental damages suffered by the Plaintiff.

50.    Plaintiff satisfied all jurisdictional and procedural prerequisites for bringing this cause of action.

VI.

PLAINTIFF'S CAUSE OF ACTION FOR AGE DISCRIMINATION

51.    Plaintiff reincorporates by reference all factual allegations made in the preceding paragraphs and would show that Defendant is further liable to her for age discrimination under the Age Discrimination in Employment Act of 1967, as amended.

52.    At all times relevant to this lawsuit Plaintiff was, on account of her age, a member of a protected class. Defendant treated Plaintiff less favorably in the terms and conditions of her employment than its nonprotected employees because of her age. Plaintiff's age was a motivating factor in the Defendant's decision terminate Plaintiff's employment.

53.    This discrimination is the proximate cause of both economic and mental damages suffered by the Plaintiff.

54.    Defendant willfully discriminated against the Plaintiff due to her age.

55.    Plaintiff satisfied all jurisdictional and procedural prerequisites for bringing this cause of action.

VII.

PLAINTIFF'S CAUSE OF ACTION FOR DISABILITY DISCRIMINATION

56.    Plaintiff reincorporates by reference all factual allegations made in the preceding

Page 8

paragraphs and would show that Defendant is further liable to her for disability discrimination under the Americans with Disabilities Act, as amended.

57.     At all times relevant to this lawsuit Plaintiff was, on account of her disability, a member of a protected class. Defendant treated Plaintiff less favorably in the terms and conditions of her employment than its nonprotected employees because of her disability. Plaintiff's disability was a motivating factor in the Defendant's decision terminate Plaintiff's employment.

58.     This discrimination is the proximate cause of both economic and mental damages suffered by the Plaintiff.

59.     Plaintiff satisfied all jurisdictional and procedural prerequisites for bringing this cause of action.

VIII.

REQUEST FOR JURY

60.     Plaintiff hereby demands a trial by jury.

IX.

DAMAGES

61.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this court grants relief.

X.

ATTORNEY'S FEES

62.     Defendant's refusal to abide by its obligations has made it necessary for Plaintiff to employ the undersigned attorney to file this lawsuit. As such, Plaintiff requests this court to award a reasonable fee for the attorney's services rendered and to be rendered herein under both customary and statutory law.

Page 9

## XI.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Debi Pack prays that Defendant Harris County, Texas be cited to appear and answer, and that on final trial Plaintiff be granted relief as follows:

1.     Judgment declaring that the acts and practices described herein violate Title VII of the Civil Rights Act of 1964, as amended, 42 USC Section 2000e et seq.;

2.     Judgment declaring that the acts and practices described herein violate the Age Discrimination in Employment Act, 29 USC Section 621 et seq., as amended;

3.     Judgment declaring that the acts and practices described herein violate the Americans with Disabilities Act, 42 USC Section 12101 et seq., as amended.

4.     Judgment enjoining and permanently restraining these violations;

5.     Judgment directing the Defendant to pay Plaintiff actual, compensatory, and liquidated damages on all counts, whether statutory or common law;

6.     Equitable relief and reinstatement to Plaintiff's prior position, along with upgrades and appropriate pay;

7.     Costs of suit and reasonable attorney's fees;

8.     Prejudgment and postjudgment interest as provided by law;

9.     Such other and further relief, in law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

BY: //ss// *peter costea*

_____

Peter Costea
TBN 04855900
4544 Post Oak Place, Suite 350
Houston, Texas 77027
Tel. 713-337-4304

Page 10

Fax 713-237-0401
Email: peter@costealaw.com
ATTORNEY FOR PLAINTIFF
DEBI PACK